UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYLE AUCOIN - MELOHN** | **CIVIL ACTION NO. 2:24-cv-01676** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **ST. CHARLES PARISH SCHOOL BOARD** | **MAGISTRATE JUDGE MICHAEL NORTH** |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, St. Charles Parish School Board ("SCPSB" or "the School Board"), who files the following Answer and Affirmative Defenses in response to the allegations contained in the Complaint (R. Doc. 1) filed by Plaintiff, Kyle Aucoin-Melohn ("Plaintiff"). SCPSB denies each and every allegation contained in Plaintiff's Complaint, except those which are hereinafter expressly admitted, and further represents as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the School Board upon which relief may be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or failure to administratively exhaust remedies.

### THIRD AFFIRMATIVE DEFENSE

SCPSB avers that, at all times, SCPSB acted in good faith, with rational basis, and without any discriminatory, retaliatory, or wrongful intent whatsoever with respect to all of its employment decisions concerning Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that its employment decisions and actions relating to Plaintiff were made for legitimate, nondiscriminatory, and nonretaliatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that any of its policies, procedures, or decisions, insofar as they relate to Plaintiff, were motivated by Plaintiff's sexual orientation, or were due to any alleged complaints of discrimination or harassment.

### SIXTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that Plaintiff was adversely affected, at any time in his employment, because of his sexual orientation, or due to any alleged complaints of discrimination or harassment.

### SEVENTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that Plaintiff was treated any differently than other teachers because of his sexual orientation or due to any alleged complaints of discrimination or harassment.

### EIGHTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that it or any of its teachers or other employees discriminated against, retaliated against, or harassed Plaintiff on the basis of his sexual orientation or any other protected class, or due to any alleged complaints of discrimination or harassment.

### NINTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that any complaints lodged by Plaintiff either internally and/or externally or participation in any other alleged investigations into discrimination, harassment, or retaliation were a but for cause of Plaintiff's termination.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case of discrimination on the basis of sexual orientation, has not stated a claim for discrimination on the basis of sexual orientation upon which relief can be granted, and has failed to allege facts sufficient to support a claim for discrimination on the basis of sexual orientation against the School Board.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case of retaliation, has not stated a claim for retaliation upon which relief can be granted, and has failed to allege facts to support a retaliation claim against the School Board.

### TWELTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that adequate workplace policies and procedures exist with respect to equal employment in the workplace and workplace discrimination, harassment, and retaliation.

### THIRTEENTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that it exercised reasonable care to prevent any alleged discriminatory, harassing, or retaliatory conduct and to promptly correct and eliminate it when it might occur; further, Plaintiff failed to exercise reasonable care to take advantage of SCPSB's preventative and corrective safeguards and to otherwise prevent harm that could have been avoided.

### FOURTEENTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that it took appropriate action to address any workplace issues brought forth by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

SCPSB denies that Plaintiff is entitled to any relief under state or federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

SCPSB affirmatively denies that Plaintiff sustained any damages as a result of any alleged discriminatory, harassing, or retaliatory actions by SCPSB and/or any of its employees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff sustained damages, which is specifically denied, SCPSB avers that Plaintiff has failed to make reasonable efforts to mitigate, minimize, or avoid his alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that Plaintiff is not entitled to recover from SCPSB any legal, equitable, or monetary relief, including but not limited to, back pay, compensatory damages, punitive damages, costs, attorney's fees, and/or judicial interest, and further avers that such requested remedies are unwarranted in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

SCPSB avers that any recovery to which Plaintiff may be entitled should be barred or reduced by: (1) any discovery of after acquired evidence; (2) all amounts of compensation and benefits received by Plaintiff and to be received in the future by Plaintiff; (3) wages that were earned or could have been earned by Plaintiff with reasonable diligence, and by all amounts that will be earned or which could be earned with reasonable diligence in the future; and (4) any other offsets to damages permissible by law.

### TWENTIETH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that any award which Plaintiff may receive herein is subject, in whole or in part, to the statutory caps and/or any other limitations imposed by applicable statutes, statutory law, or decisional law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff is asserting a claim for punitive damages, SCPSB affirmatively pleads that if any action was taken by its employees in violation of federal discrimination laws, such acts were contrary to SCPSB's policies prohibiting discrimination, harassment and retaliation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers that Plaintiff lacks statutory standing to pursue Title VII claims outside the scope of his EEOC Charge.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

SCPSB affirmatively denies that malice or reckless indifference motivated any employment decisions concerning Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers that should any of Plaintiff's claims be found frivolous, unreasonable or groundless, to have been brought in bad faith, or it is determined by the Court that the School Board's acts or practices were not in violation of the law, the School Board may be entitled to recovery of reasonable damages, under applicable law, incurred in the defense of such claims, including but not limited to reasonable attorneys' fees and other costs.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, waiver, ratification and/or laches, as well as applicable statute of limitations or prescriptive periods under applicable law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may be barred, in whole or in part, from obtaining any relief sought by virtue of Plaintiff's own actions, omissions, fault, and/or negligence.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers compliance with the terms and conditions of any applicable policy and relevant employee handbooks, as well as any applicable federal or state laws, with respect to its employment actions and decisions concerning Plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers that relevant workplace policies and procedures are the best evidence of their terms and procedures. SCPSB pleads such terms, policies, and procedures as if incorporated herein in full.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers that it acted in compliance with Title VII and Louisiana employment discrimination and retaliation laws at all relevant times.

**THIRTIETH AFFIRMATIVE DEFENSE**

SCPSB affirmatively denies that any alleged protected activity by Plaintiff played any role in any employment decisions or actions regarding Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

SCPSB affirmatively denies that it or any of its employees retaliated against Plaintiff or any other individuals for any alleged protected activity.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

SCPSB affirmatively avers that the reasons for any employment-related actions or decisions concerning Plaintiff were not a pretext for retaliation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

SCPSB affirmatively denies that Plaintiff sustained any damages, including lost income, damage to his reputation, damage to his ability to earn a living in his chosen profession, extreme

mental anguish, humiliation, embarrassment, and/or emotional distress, as a result of any of the alleged actions by the School Board or any employee or agent of the School Board.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that any alleged extreme mental anguish, humiliation, embarrassment, and/or emotional distress claimed to have been suffered by Plaintiff as a result of alleged actions by SCPSB is not reasonable or justified under the circumstances.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

SCPSB affirmatively avers that Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

### RESERVATION OF RIGHTS

Walmart expressly reserves the right to file and assert any other defense or assert any further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case. SCPSB further reserves the right to amend or supplement this Answer to assert such defenses upon discovery of further information regarding Plaintiff's purported claims.

**AND NOW,** further answering the specific enumerated allegations and averments set forth in Plaintiff's Petition, Defendant further avers as follows:

### COMPLAINT

All allegations contained in the unnumbered paragraph beginning with "Plaintiff, Kyle Aucoin-Melohn" do not require a response. If a response is necessary, all allegations are denied for lack of sufficient knowledge to form a belief therein.

1.

The allegations in Paragraph 1 of the Complaint contain legal conclusions as to jurisdiction which do not require a response from the SCPSB.

2.

The allegations in Paragraph 2 of the Complaint contain legal conclusions as to venue which do not require a response from the SCPSB.

3.

The allegations contained in Paragraph 3 of the Complaint are denied as stated. It is only admitted that SCPSB is a resident of St. Charles Parish.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are denied. It is explicitly denied that Plaintiff "endured years of discriminatory and harassing conduct by Defendant," and that Plaintiff was "constructively discharged." It is also explicitly denied that the investigation conducted by SCPSB involved "certain false allegations" and that the investigation was terminated on December 9, 2022.

6.

The allegations contained in Paragraph 6 of the Complaint are denied, and denied as stated. It is vehemently denied that SCPSB had a "longstanding and ongoing practice of discrimination, harassment and retaliation against Plaintiff because of his sexual orientation." It is admitted that SCPSB provided the St. Charles Parish Sheriff's Office with information regarding Plaintiff.

7.

The allegations contained in Paragraph 7 of the Complaint are denied and denied as stated. It is explicitly denied that SCPSB engaged in any unlawful actions. It is admitted that Plaintiff was arrested and criminal charges were brought against him.

8.

The allegations contained in Paragraph 8 of the Complaint are denied as stated. It is only admitted that Plaintiff was hired as a teacher by SCPSB in 2017. It is explicitly denied that "throughout [Plaintiff's] employment SCPSB and certain of its employees, administrators, agents, and representatives engaged in discriminatory, harassing and retaliatory conduct against Plaintiff because of his sexual orientation."

9.

The allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint are denied. It is specifically denied that Plaintiff "was treated differently, less favorably, and more adversely than other similarly situated employees of Defendant SCPSB who are not gay."

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied. It is explicitly denied that Plaintiff suffered any damages as a result of the conduct of SCPSB.

14.

9

The allegations contained in Paragraph 14 of the Complaint contain legal conclusions as to exhaustion and timeliness which do not require a response from SCPSB.

15.

The allegations contained in Paragraph 15 of the Complaint are denied. It is specifically denied that Plaintiff is entitled to any of the stated categories of remedies and relief under Title VII or any other federal and state laws.

16.

Paragraph 17 of the Complaint contains Plaintiff's request for a jury and therefore does not require a response from SCPSB.

17.

The unnumbered paragraph beginning with "WHEREFORE" contains Plaintiff's prayer for relief and therefore does not require a response from SCPSB. If a response is required, all allegations are denied.

**WHEREFORE,** SCPSB respectfully requests that this Answer be deemed good and sufficient and that after due proceedings are had there be a judgment herein against Plaintiff and in favor of SCPSB, dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's costs, and for all general and equitable relief as permitted by this Honorable Court.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ *Rebecca Sha*
Rebecca S. Sha (Bar #35317)
Caroline E. Perlis (Bar #40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130

Email: rebecca.sha@phelps.com
Email: caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANT, ST. CHARLES PARISH SCHOOL BOARD**