# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KYLE AUCOIN-MELOHN**                                               **CIVIL ACTION**

**VERSUS**                                                                        **NUMBER: 24-1676**

**ST. CHARLES PARISH SCHOOL BOARD**                      **SECTION: "D" (5)**

## ORDER AND REASONS

Before the Court is the Motion to Compel (rec. doc. 34) filed by Plaintiff Kyle Aucoin-Melohn.  Defendant St. Charles Parish School Board ("Defendant" or "SCPSB") opposes the motion (rec. doc. 36), and Plaintiff has filed a reply.  (Rec. doc. 37).  Having reviewed the pleadings and the case law, the Court rules as follows.

Destrehan High School ("DHS") employed Plaintiff as a former Talented Theater teacher from approximately August 2017 until his alleged constructive discharge on December 9, 2022.  (Rec. doc. 1 at 2).  In short, Plaintiff alleges that Defendant discriminated, harassed, and retaliated against him because of his sexual orientation.  (*Id.*).

At issue in this motion to compel are three specific discovery requests propounded on Defendant by Plaintiff:

(1) Interrogatory No. 14: Please identify any and all other St. Charles Parish School District Talented Theater teachers who received a Notice of Performance Concerns and/or was otherwise disciplined for making comments regarding the School District's funding or lack of funding for theater productions.  (Rec. doc. 34-3).

(2) Request for Production of Documents No. 16: Please provide copies of any and all documents reflecting, referring or relating in any way to any write-ups, Notices of Performance Concern, and/or other documents reflecting, referring or relating to any disciplinary action taken by the School Board/School District against any Talented Theater teacher during the time period specified in the Instructions section of this Second Set of Requests for Production.  In particular, please provide any responsive documents relating to any disciplinary action taken against any teacher working with the School District's

>     Talented Theater Program, including but not limited to: Megan Harms, Lucas Harms, Christina Rivas, Lauren Champagne, Bethany Auyso, John Lehon, Meredeth Owens, and Danny Pitre for an alleged violation of any School District policy regarding the school District's contract approval process and procedures. (Rec. doc. 34-5).
>
> (3) Request for Production of Documents No. 5: Please provide copies of any photographs, video recordings, audio recordings, and/or other documents, as defined above, reflecting, referring or relating in any way to Plaintiff's employment by and/or his constructive discharge/departure from his employment with the St. Charles Parish School Board and/or to any allegations set forth in his Complaint. (Rec. doc. 34-3).

The motion as to Request No. 5 is moot as Defendant has produced the audio and video recordings sought by Plaintiff. The remaining dispute at issue in this motion is whether the information and documents sought in Request Nos. 14 and 16 are proportionate to the needs of Plaintiff's claims because it is disputed whether the other Talented Teachers – specifically listed in Request No. 16 – are legitimate comparators to Plaintiff.

To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). The Court need only address the fourth element here.

A plaintiff may carry the fourth element of his *prima facie* discrimination claim by "point[ing] to a comparator who was similarly situated" but was "treated more favorably than the plaintiff under nearly identical circumstances." *Ernst v. Methodist Hosp. Sys.*, 1

2

F.4th 333, 340 (5th Cir. 2021) (citing *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 410 (5th Cir. 2016)).  As between the plaintiff and the comparator, "nearly identical circumstances" exist when: (i) both employees have the same job responsibilities; (ii) both employees have "essentially comparable violation histories;" and (iii) both employees either shared the same supervisor or had their employment status determined by the same person.  *Hardison v. Skinner*, No. 20-30643, 2022 WL 2668514, at *3 (5th Cir. July 11, 2022).  Critically, "the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions."  *Id.* (citing *Lee*, 574 F.3d at 259).

There are two complaints regarding occurrences from Plaintiff's employment that have been timely exhausted by Plaintiff: (1) the Notice of Performance Concerns regarding Plaintiff's refusal to follow the instructions of the SCPSB risk manager when engaging SCPSB in a contract involving dangerous flying equipment; and (2) Plaintiff's alleged constructive discharge.  To prevail on this motion, then, Plaintiff must demonstrate that his discovery requests are proportionate to the needs of at least one of these claims.

> Plaintiff alleges that
>
> in October 2022 Plaintiff was placed on administrative leave for allegedly failing to follow contract approval procedures in connection with a theater production of the "Wizard of Oz."  Defendant's agents falsely stated that the procedures had been in place and were posted on Blackboard "for years"; however, no such procedures were posted or otherwise existed.  Moreover, on information and belief, none of the other eight Talented Theater teachers employed by Defendant SCPSB, all of whom, on information and belief are heterosexual, were aware of the existence of such procedures, had ever been required to have any contract approved pursuant to any such procedures, and had never been disciplined for not following the non-existent contract approval procedures.

(Rec. doc. 1 at 3-4). While Defendant makes much of Plaintiff's claim for constructive discharge, it is clear that Request Nos. 14 and 16 – by their express terms – seek information related to discipline for "an alleged violation of any School District policy regarding the [S]chool District's contract approval process and procedures." (Rec. doc. 34-5). Such discovery requests are thus proportionate to at least one of Plaintiff's claims in this lawsuit, *i.e.*, whether his two-day suspension for failing to follow Defendant's contract approval procedures was based on Plaintiff's sexuality when he contends that other Talented Teachers, specifically, Lucas Harms, a heterosexual, received no like punishment when he also allegedly failed to follow Defendant's contract approval procedures.

Defendant also argues that none of the other listed non-parties is a comparator to Plaintiff because they did not have the same immediate supervisor. Defendant maintains that because all of the alleged comparators taught at different schools, each alleged comparator's principal would have been his or her supervisor. But the Fifth Circuit has repeatedly held that, for the requirement of "nearly identical circumstances" to be met, it is not necessary that the comparator employees share an immediate supervisor. *Lee*, 574 F.3d at 260-61. Plaintiff notes that Defendant's ultimate decisionmaker is Dr. Kenneth Oertling, Superintendent of the St. Charles Parish Public Schools. Attached to Defendant's motion is Plaintiff's two-day suspension for failing to follow Defendant's contract approval procedures as to the "Wizard of Oz" production signed by Oertling himself. (Rec. docs. 36-8, 36-9). Defendant's argument is thus belied by the exhibits attached to its own opposition. Discoverability is broader than admissibility. With the information before it, the Court cannot say that the information sought by Plaintiff is disproportionate to the needs of at least one of his claims. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel (rec. doc. 34) is **DISMISSED AS MOOT IN PART** with regard to Request No. 5.

**IT IS FURTHER ORDERED** that the Motion to Compel (rec. doc. 34) is **GRANTED IN PART** with regard to Request Nos. 14 and 16.  Defendant shall produce the information and documents to Plaintiff **no later than ten (10) days from the date of this Order**.

New Orleans, Louisiana, this 26th day of June, 2025.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE