**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KYLE AUCOIN-MELOHN**                          **CIVIL ACTION**

**VERSUS**                                       **NUMBER: 24-1676**

**ST. CHARLES PARISH SCHOOL BOARD**              **SECTION: "D" (5)**

<u>**ORDER AND REASONS**</u>

Before the Court for expedited review is the Motion to Compel Deposition of Plaintiff or Alternative Motion for Adverse Inference (rec. doc. 46) filed by Defendant St. Charles Parish School Board ("Defendant" or "SCPSB"). Plaintiff opposes the motion (rec. doc. 49), and Defendant filed an ***untimely*** reply. (Rec. doc. 51). Having reviewed the pleadings and the case law, the Court rules as follows.

Destrehan High School ("DHS") employed Plaintiff as a former Talented Theater teacher from approximately August 2017 until his alleged constructive discharge on December 9, 2022. (Rec. doc. 1 at 2). In short, Plaintiff alleges that Defendant discriminated, harassed, and retaliated against him because of his sexual orientation. (*Id.*).

At issue in these pleadings is Plaintiff's invocation of his Fifth Amendment right to be free from self-incrimination during his deposition. Defendant contends that Plaintiff asserted a "blanket" assertion of the Fifth Amendment privilege at his deposition with regard to two criminal proceedings brought against Plaintiff in St. Charles Parish and Jefferson Parish. Defendant argues that because Plaintiff mentions the two proceedings in his Complaint, he has placed them at issue in this litigation, and accordingly, discovery on the proceedings is fair game. Defendant also maintains that Plaintiff waived his Fifth Amendment privilege by responding to Defendant's written discovery and producing documents from the two criminal investigations. Should the Court find that the Fifth

Amendment protects Plaintiff from testifying about the two criminal proceedings, Defendant seeks an adverse inference against him for refusing to testify to probative evidence.

Plaintiff maintains that he never asserted a "blanket" Fifth Amendment privilege. Pointing to the transcripts of his deposition, he notes that counsel for Defendant asked his counsel whether she would assert the privilege as to every question asked concerning the documents from the two criminal investigations. He then notes that his counsel replied that "[w]e will take that document-by-document." (Rec. doc. 49-3 at 5). that is not a "blanket" assertion of the privilege, he maintains. Plaintiff also notes that his counsel allowed Defense counsel to ask him questions about the documents produced in connection with the two criminal proceedings, objecting at times only that the documents spoke for themselves. (*Id.* at 6-7). Again pointing to the transcript of his deposition, Plaintiff notes that Defendant asked him numerous questions about the documents related to the two criminal proceedings, all of which he answered. Plaintiff contends that both criminal proceedings remain open, as he remains on court-supervised probation in the St. Tammany Parish proceeding, and the Jefferson Parish District Attorney has not determined how to proceed in that Parish's criminal investigation. Thus, Plaintiff maintains that he entitled to assert the Fifth Amendment privilege should any question warrant it because his response may incriminate him in either proceeding.

The Fifth Amendment states, in relevant part, "No person . . . shall be compelled in any criminal case to be a witness against himself. . . ." U.S. Const. Amend. V. The Fifth Amendment privilege against compulsory self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory. . ." *Kastigar v. United States,* 406 U.S. 441, 444 (1972); *see United States v. Ramos*, 537 F.3d 439, 454 (5th Cir.

2

2008).  The privilege against self-incrimination "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."  *Kastigar*, 406 U.S. at 445; *Ramos*, 537 F.3d at 454.  The privilege protects a party against self-incrimination under both federal and state law. *Murphy v. Waterfront Comm'n of New York Harbor*, 378 U.S. 52, 77-78 (1964).  The privilege covers not only responses that would support the party's criminal conviction but also "embraces those which would furnish a link in the chain of evidence needed to prosecute." *Malloy v. Hogan*, 378 U.S. 1, 11 (1964) (citing *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)).

The Fifth Circuit has also made clear that "a party may invoke the privilege against self-incrimination in a civil proceeding" and "may invoke the Fifth Amendment privilege during the discovery process to avoid answering questions at a deposition, responding to interrogatories or requests for admissions, or to produce documents."  *Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012) (footnotes omitted).  The Fifth Circuit has further noted that "[t]he Supreme Court has cautioned that the Constitution limits the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly."  *Id.*  (footnote and internal quotation marks omitted).  "Given this consideration – and because all parties should have a reasonable opportunity to litigate a civil case fully – courts should seek out ways to permit as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege."  *Id.*  (footnote and internal quotation marks omitted).  "In addition, [the Fifth Circuit] has held that, when there are competing interests posed by an invocation of the Fifth Amendment, a court should measure the relative weights of the

parties' competing interests with a view toward accommodating those interests, if possible." *Id.* (footnote and internal quotation marks omitted).

But "while a person may refuse to testify during civil proceedings on the ground that his testimony might incriminate him . . . his refusal to testify may be used against him in a civil proceeding." *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (internal quotation marks omitted). "Thus, although a jury in a criminal case is not permitted to draw adverse inferences based on a defendant's invocation of his Fifth Amendment rights, it is well-settled that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Id.* (internal quotation marks omitted).

Relevant here, the Fifth Circuit has also held that "[a] blanket refusal to answer questions at deposition on the ground that they are privileged is an improper invocation of the fifth amendment, irrespective of whether such a claim is made by a plaintiff, defendant, or a witness." *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (internal quotation marks omitted). The Fifth Circuit "has held that such a blanket assertion of the privilege is insufficient to relieve a party of the duty to respond to questions put to him, stating that even if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id.* (internal quotation marks omitted). "Requiring a party to object with specificity to the information sought from him permits the district court to rule on the validity of his claim of privilege. A party is not entitled to decide for himself whether he is protected by the fifth amendment privilege. Rather, this question is for the court to decide

4

after conducting a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded." *Id.* (internal quotation marks omitted); *see also Longoria v. Cnty. of Dallas, Tex.*, No. 3:14-CV-3111-L, 2015 WL 3822233, at *4 (N.D. Tex. June 19, 2015) (same).

While the Court recognizes that Plaintiff's counsel asserted a "blanket" invocation of the Fifth Amendment privilege at the outset of the deposition, that is not how the deposition actually played out. As outlined above, Plaintiff's counsel agreed to let Plaintiff answer questions about specific documents produced in the two proceedings. (Rec. doc. 49-3 at 7). Counsel for Plaintiff did indeed at times invoke the privilege as to specific questions. But, from the limited portions of the transcript of the deposition attached to the pleadings, the Court finds that these invocations were proper, as the questions related at times to matters not reflected by the documents produced by either Plaintiff or Defendant but to the underlying facts of the Plaintiff's alleged offenses.

Documents speak for themselves, and both parties have produced documents related to the two criminal proceedings. Admitting them at trial and allowing the jury to review the documents necessitates no further information on the part of Plaintiff. For example, there is an entire colloquy between counsel for Defendant and Plaintiff during which he confirms the identity and contents of the documents related to the two criminal proceedings and during which there was no objection based on the Fifth Amendment privilege. (Rec. doc. 49-3 at 35-50). Even though he did not need to, Plaintiff confirmed the contents of the documents as they related to his arrest and the criminal investigations. From the limited sections of the transcripts of the deposition before the Court, it is unclear to the Court what else counsel for Defendant needed from Plaintiff. So, despite Defendant's protestations, Plaintiff answered

Defendant's counsel's questions that she posed to him regarding the two criminal proceedings at issue in this lawsuit.

In its original memorandum and its reply, Defendant makes much of the argument that some of its questions – none of which is represented by the sections of transcripts produced to the Court – delve into whether Plaintiff was qualified for his position, as is necessary for a plaintiff to prove in a Title VII lawsuit. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Defendant contends that Plaintiff cannot establish that he is a qualified individual for a Talented Teacher position because his probation forbids him from working with individuals under the age of 18. (Rec. docs. 49-2, 51 at 8). Again, the document entitled "Conditions of Probation" speaks for itself. (Rec. doc. 49-2). And moreover, the sections of the transcripts submitted to the Court do not reflect what exact question Defendant posed to Plaintiff on this issue and whether he asserted the privilege.[1] When Defendant questioned Plaintiff about the specific individuals related to the two criminal proceedings, Plaintiff freely responded, and no objection based on privilege was asserted. (Rec. doc. 51-1 at 12-13). Without the specific question before it about which Defendant complains, this Court cannot conduct the particularized inquiry to determine whether or not the assertion of privilege is well-founded. *S.E.C.*, 659 F.2d at 668.

Neither does the Court find that Plaintiff waived his right to invoke the Fifth Amendment. An individual may waive his Fifth Amendment privilege "provided the waiver is made voluntarily, knowingly and intelligently." *Colorado v. Spring*, 479 U.S. 564, 572 (1987) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). There is no indication here –

---

[1] From the sections of the transcript of the deposition before the Court, counsel for Defendant asked Plaintiff about the Order of Protection signed by the state judge but not his conditions of probation. (Rec. doc. 51-1 at 14-15). Plaintiff responded freely to the questions about the Order of Protection.

and Defendant does not argue – that Plaintiff voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege. Defendant essentially asks that the Court find waiver by default because Plaintiff responded to factual discovery and produced documents from the two criminal investigations, most of which is already represented on the documents on which Defendant questioned him at his deposition. The Court cannot find waiver under these circumstances.

Neither can the Court enter an adverse inference against Plaintiff. That is an evidentiary question for the District Judge to decide. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel Deposition of Plaintiff or Alternative Motion for Adverse Inference (rec. doc. 46) is **DENIED**.

New Orleans, Louisiana, this 7th day of _____ July _____, 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**